YOUNG v. GREEN.

1. STATEMENT.—This court must be governed by the statements embodied in the "Case."

2. PAYMENT AND RES ADJUDICATA are sound legal defences, and in this case the court below properly considered them.

Before ALDRICH, J., Greenville, August 5, 1895. Affirmed.

Action by Adam Young against Edward Green, on account in Trial Justice Court, April, 1895. Judgment for defendant. Plaintiff appeals. Circuit Court affirms judgment below. Plaintiff appeals.

*Mr. Adam C. Welborn*, for appellant.

*Mr. Joseph A. McCollough*, contra.

March 9, 1896. The opinion of the court was delivered by

MR. JUSTICE POPE. It seems that the plaintiff brought his action in the Trial Justice Court for Greenville, before N. P. Whitmire, Esq., to recover $4.90, he alleged in his complaint the defendant owed him for certain ditching done for defendant. After a full hearing, the trial justice rendered judgment in favor of the defendant. Thereafter plaintiff appealed to the Circuit Court, and the appeal came on to be heard before his honor, Judge Aldrich, who dismissed the same. The plaintiff now appeals to this court upon two grounds:

1. Because the defendant having admitted in his answer that he was due the plaintiff the sum of $4.90, the court should have rendered judgment for plaintiff for that sum and costs.

2. Because the court erred in not disregarding the answer so far as the plea of payment and *res adjudicata* were concerned, as the thing sued for, the cause of action, and the parties are not identical in the above entitled action and the case of Adam Young against Lee Green.

So far as the first ground of appeal is concerned, the

"Case" shows that the appellant is entirely mistaken as to the facts, for the answer does not admit that the sum of $4.90 is due the plaintiff. It does admit that the plaintiff did the ditching on his premises, but claims that the same has been paid. The defendant is positive in the allegation in his answer on this point, viz: that he does not owe the plaintiff the sum sued for, or any other sum. This ground of appeal must be overruled, as we must be governed by the statements embodied in the "Case."

Lastly, as to the second ground of appeal. Here the appellant urges that the Circuit Judge was in error for not disregarding the answer so far as the pleas of payment and *res judicata* were concerned. Both of these pleas are sound in law. An answer that sets them up is not faulty. The only difficulty in such cases would be with the proofs under such pleas. But inasmuch as the appellant has sought in this ground of appeal to point out the defects of the plea of *res àdjudicata* in the matter of the testimony offered not showing an identity of parties, the thing sued for, and the cause of action in the present action with that of Adam King against Lee Green, we may remark, that although the appellant thus shifts his attack as made, touching the validity of the *plea* of *res adjudicata* as made in the answer, to an attack by him on the *testimony* offered to support such plea, we have examined the "Case," and find that it does there appear that this same account for ditching was involved between the present litigants.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.